MARTIN L. NEWTON *vs.* CHARLES WINCHESTER & another.

The parties to a written contract for the sale of a quantity of standing timber, to be cut and delivered within a certain time at a certain place and paid for in six months after delivery, agreed afterwards in writing to postpone the time for cutting and delivering the timber, except a portion already at the place of delivery, and an additional portion already cut and to be delivered on request; and these portions were afterwards delivered. *Held,* that the original contract was thereby severed, and that after six months from such delivery an action might be maintained on the original contract for the price of both these portions.

ACTION OF CONTRACT to recover the price of certain timber. Writ dated February 8th 1859. The case was submitted to the judgment of the court upon the following facts:

On the 27th of May 1857 the plaintiff agreed in writing with the defendants to deliver all the oak timber standing on certain wood lots " on board the cars of the Cheshire Railroad Company at Marlborough depot, prior to April 1st next, at six dollars a cord, payment to be made in six months after delivery." By an indorsement on this agreement, the plaintiff, on the 17th of February 1858, at the request of the defendants, agreed to delay until the 1st of April 1859 the delivery of all the timber, " excepting what is now put on cars, being four car loads, and about ten cords at Marlborough depot, which is subject to the depot-master's order for delivery," and also " about thirty five cords cut, which he agrees to put on cars at any time specified by said Winchesters," and to leave the rest standing until September 1858. The four car loads and forty five cords, the delivery of which the plaintiff did not agree to delay, were all delivered to the defendants by the 10th of May 1858, and a part of the agreed price having been paid to the plaintiff in the fol-

lowing October, this action was brought to recover the balance. No part of the rest of the timber was ever delivered.

*G. H. Whitney*, for the plaintiff, cited *Perkins* v. *Hart*, 11 Wheat. 250, 251; *Robinson* v. *Green*, 3 Met. 159; 2 Smith's Lead. Cas., Amer. notes to *Cutter* v. *Powell*.

*C. H. B. Snow*, for the defendants. The contract is entire, and nothing is due till six months after the delivery of all the timber. *Oxendale* v. *Wetherell*, 9 B. & C. 386. *Shipton* v. *Casson*, 5 B. & C. 378. *Giles* v. *Edwards*, 7 T. R. 181. *Clark* v. *Baker*, 5 Met. 452. *Paige* v. *Ott*, 5 Denio, 406. If any part was severed by the indorsement, it was only the timber then at the depot.

DEWEY, J. This action may be maintained, notwithstanding the objection that the whole timber had not been delivered when the action was brought. By the supplemental agreement of 17th February 1858, the contract ceased to be an entire one, and the new contract postponing the performance of a certain portion of the original contract does not prevent the recovery for the timber that is the subject of the present action. For this timber, to the extent that it remains unpaid for, the plaintiff may recover in this action.

*Judgment for the plaintiff.*